Andrew K. Alper (State Bar No. 088876)
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
Seventeenth Floor
Los Angeles, California 90048-4920
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Creditor RABOBANK, N.A.

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA BARBARA DIVISION

| | |
|---|---|
| In re<br><br>B AND H FLOWERS, INC.,<br><br>Debtor. | CASE No. 9:11-bk-12650-RR<br><br>*Chapter 11*<br><br>***RABOBANK, N.A.'S OBJECTION TO EMPLOYMENT OF BUSINESS ADVISOR VISION CONSULTING GROUP AND REQUEST FOR HEARING***<br><br>*[no hearing date]* |

TO THE HONORABLE ROBIN RIBLET, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, ITS ATTORNEYS OF RECORD, UNITED STATES TRUSTEE AND ALL OTHER INTERESTED PARTIES:

Creditor, Rabobank, N.A. ("Bank") hereby objects to the employment of Vision Consulting Group ("Consultant") on the terms and conditions set forth in the Application for Employment. The Consultant has requested compensation based on a retainer of $3,900.00 and an hourly rate of $195.00 an hour. The Consultant states that his services will include the following: "(a) work with management to evaluate the operations on an ongoing basis to ensure the Debtor operates its business on an as efficient and cost effective basis as feasible; (b) work with management to regularly evaluate the operations and to identify methods by which the Debtor is able to increase profitable sales on a consistent basis; (c) work with suppliers of Debtor to maintain a working relationship to ensure that adequate raw materials, commodities and needed

1  services are made available during the course of the Chapter 11 administration; (d) maintain
2  contact as necessary with creditors/suppliers to ensure that to the extent possible, Debtor has
3  access to needed raw materials, commodities and services during the course of the Chapter 11
4  administration; (e) work with the Debtor and any creditors committee that may be appointed in the
5  effort to negotiate the terms of a Plan of Reorganization; (f) help guide the plan confirmation
6  process from the standpoint of assisting document the plan and obtain the requisite consents of all
7  classes of creditors."

8        Given the facts of this case, the Bank believes that paying a business consultant any
9  compensation should not be allowed because any such payments would be made from the Bank's
10 cash collateral and the Bank is under secured.  As previously set forth in the Bank's Objection to
11 Notice of Setting/Increasing Insider Compensation, which is attached hereto for the Court's
12 convenience, the sum due and payable to the Bank is $11,953,994.94.  Accrued interest through
13 June 15, 2011, is $452,360.55 with per diem interest thereafter at the rate of $2,183.18.
14 Meantime, besides the fact that the Bank does not want its cash collateral used to pay a business
15 consultant, the Bank has the following specific objections to the Consultant and his Application:

16     1.    This is not the first time the Debtor has attempted to use a business consultant.  The
17 Debtor had previously used other consultants and has prepared business plan after business plan
18 for the Bank, all of which had failed.  There is no reason to believe that Vision Consulting Group
19 will do anything different with this Debtor.

20     2.    Gary Wartik, the principal of Vision Consulting Group, had previously acted pre-
21 petition as a consultant with his chief function to work out a debt settlement plan.  Mr. Wartik was
22 unable to obtain any agreements with respect to debt settlement and the Debtor filed bankruptcy.

23     3.    Vision Consulting Group, and Mr. Wartik, its principal, appear to have no
24 experience in growing and/or selling flowers and will not lend anything to that business.

25     4.    Many of the tasks that Vision Consulting Group will provide services as set forth
26 above are either unnecessary or provided by others.  There are no specific tasks that either the
27 Debtor or its counsel cannot perform.  In fact, it appears that Mr. Wartik wants to provide the
28 same services counsel is providing in this case and this may be a "back door" around the objection

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

856402.1 | 100525-0007     2

1  to payment to insiders.

2      5.    The Bank is not going to allow the Debtor to write a blank check for a Consultant
3  since there is no cap on what the Consultant will do or what hours he will spend. There are only
4  general services to be provided that should be provided by the Debtor or counsel.

5      6.    The Bank does not believe this case will reorganize as the Debtor is attempting to
6  employ persons and pay insiders thereby also becoming administratively insolvent as well as
7  already being financially insolvent. Therefore, unless the Debtor can justify why it needs a
8  business advisor to do the job of the Debtor and its counsel and why the Debtor needs this
9  business consultant, the Bank is vehemently opposed to the employment of a business advisor who
10 will continue to use and dissipate the Bank's cash collateral.

12 DATED: June 17, 2011                FRANDZEL ROBINS BLOOM & CSATO, L.C.

14                                     By: _____
15                                         ANDREW K. ALPER
                                           Attorneys for Creditor RABOBANK, N.A.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

| In re:<br>B AND H FLOWERS, INC.<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:11-bk-12650-RR |
|---|---|

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
6500 Wilshire Boulevard, Seventeenth Floor, Los Angeles, California 90048-4920

A true and correct copy of the foregoing document described as **RABOBANK, N.A.'S OBJECTION TO EMPLOYMENT OF BUSINESS ADVISOR VISION CONSULTING GROUP AND REQUEST FOR HEARING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 20, 2011 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

| | |
|---|---|
| Andrew K. Alper | aalper@frandzel.com, efiling@frandzel.com; ekidder@frandzel.com |
| Eric W. Burkhardt | castlesb@aol.com, bbassist@beallandburkhardt.com; carissa@beallandburkhardt.com |
| Brian D. Fittipaldi | brian.fittipaldi@usdoj.gov |
| Craig A. Loren | aloren@debtacquisitiongroup.com, bschwab@debtacquisitiongroup.com; jsarachek@debtacquisitiongroup.com |
| United States Trustee (ND) | ustpregion16.nd.ecf@usdoj.gov |

☒ Service Information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On June 20, 2011 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

The Honorable Robin L. Riblet
U.S. Bankruptcy Court
1415 State Street, Suite 103
Santa Barbara, CA 93101-2511

☒ Service Information continued on attached page.

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 20, 2011 | Evelyn Kidder | /s/ Evelyn Kidder |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    **F 9013-3.1**

856717.1

| In re:<br>B AND H FLOWERS, INC.<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:11-bk-12650-RR |
|---|---|

**ADDITIONAL SERVICE INFORMATION (if needed):**

## SERVICE LIST

<u>Debtor</u>
B and H Flowers, Inc.
3615 Foothill Road
Carpinteria, CA 93013

<u>Counsel for Debtor</u>
Eric W. Burkhardt
Beall & Burkhardt
1114 State Street, Suite 200
Santa Barbara, CA 93101

<u>U.S. Trustee</u>
United States Trustee (ND)
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

<u>Counsel for Maveridge</u>
Peter Susi
Michaelson, Susi & Michaelson
Seven West Figueroa Street, Second Floor
Santa Barbara, CA 93101-3191

856717.1  This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                F 9013-3.1